101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Yitzchok TWERSKY, a/k/a "Jeff," and Emil Friedman, Defendants,
Aaron Groszman, Defendant-Appellant.
 No. 95-1602.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Robert Koppelman, New York, New York.
 APPEARING FOR APPELLEE: Katherine M. Choo, Assistant United States Attorney for the Southern District of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED IN PART AND REMANDED.
 Before VANGRAAFEILAND, MAHONEY, and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED IN PART and REMANDED FOR RESENTENCING.
 
 
 3
 1. Defendant-appellant Aaron Groszman appeals from a judgment entered September 26, 1995 in the United States District Court for the Southern District of New York that convicted him, following his plea of guilty, of conspiring to engage in a monetary transaction in criminally derived property of a value greater than $10,000 in violation of 18 U.S.C. §§ 371 and 1957(a). The district court sentenced Groszman to thirty months imprisonment, to be followed by a three year term of supervised release, a $5,000 fine, and a $50 special assessment.
 
 
 4
 2. Groszman requests that we vacate the fine because the district court made no findings concerning his present or future ability to pay it. However, the Sentencing Guidelines provide that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The burden of proof is on the defendant to show inability to pay. United States v. Sasso, 59 F.3d 341, 352 (2d Cir.1995). In this case, the presentence report concluded that the modest $5,000 fine would not cause any serious hardship despite Groszman's reliance upon public assistance. Groszman offered no facts at his sentencing hearing that would demonstrate a present and future inability to pay, and indeed, offers none in his brief to this Court. Accordingly, we affirm the amount of the fine.
 
 
 5
 3. The district court ordered that Groszman pay the fine on an installment schedule to be determined by the Bureau of Prisons and the Probation Department. Because we have held that the district court may not delegate the responsibility for determining installment payments, see United States v. Kassar, 47 F.3d 562, 568 (2d Cir.1995), we remand for resentencing so that the district court may itself set the schedule of payments.